IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RYAN PADILLA MANGUAL,<br><br>**Plaintiff**,<br><br>v.<br><br>PAVIA HOSPITAL, <u>et al</u>.,<br><br>**Defendants**. | **CIVIL NO**. 06-1115 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge

On January 22, 2009, Magistrate Judge Camille L. Velez-Rive issued a Report and Recommendation ("R&R") subsequent to an evidentiary hearing, in which she recommended denying the requests of defendants, Pavia Hospital ("the Hospital") and Dr. Miguel de la Cruz-Castellanos ("Dr. de la Cruz"), for dismissal for lack of diversity jurisdiction. (Docket No. 102) Dr. de la Cruz, personally and in representation of the conjugal partnership de la Cruz-Doe, objected to the R&R. (Docket No. 103) Plaintiff, Ryan Padilla-Mangual ("Padilla"), responded to Dr. de la Cruz's objections. (Docket No. 104) After reviewing the R&R and the objections thereto *de novo*, the Court **ADOPTS** the R&R in full and **DENIES** the Hospital and Dr. de la Cruz's requested dismissal.

---

[1] Whitney L. Meier, a second-year student at Georgetown University Law Center, assisted in the preparation of this opinion.

Civil No. 06-1115 (FAB)                                                2

## PROCEDURAL HISTORY

On January 30, 2006, Padilla sued for damages pursuant to Puerto Rico's general tort statute, Civil Code Article 1802, P.R.Laws Ann. Tit. 31 § 5141, claiming federal jurisdiction pursuant to 28 U.S.C. § 1332.  (Docket No. 1)  On July 7, 2006, Dr. de la Cruz moved to dismiss the complaint for lack of diversity jurisdiction.  (Docket No. 7)  On October 3, 2006, the Hospital moved for summary judgement pointing to a lack of subject matter jurisdiction because the parties were not diverse.  (Docket No. 29)  On February 5, 2007, the district court granted Dr. de la Cruz's motion to dismiss and the Hospital's motion for summary judgement and dismissed the case.  (Docket No. 61)  After Padilla's timely appeal, the First Circuit Court of Appeals reversed and remanded the case for an evidentiary hearing to determine whether or not there was complete diversity.  (Padilla-Mangual v. Pavia Hospital, No. 07-1447; see Docket No. 74)  The court of appeals instructed the Court to evaluate the credibility of the witnesses.  (Case No. 07-1447, p. 8)  On March 18, 2008, this case was referred to Magistrate Judge Velez-Rive to hold the evidentiary hearing. (Docket No. 76)

The evidentiary hearing was held on January 12, 13, and 16, 2009.  (Docket Nos. 98, 99, & 100)  Various documents were introduced into evidence including copies of Padilla's voter registration card and driver's license.  (Docket No. 101)  The

Civil No. 06-1115 (FAB)                                                    3

magistrate judge issued a R&R on January 22, 2009, recommending that defendants' request for dismissal for lack of diversity jurisdiction be denied. Dr. de la Cruz objected to the R&R on February 9, 2009. (Docket No. 103) Padilla responded to the objections on February 20, 2009. (Docket No. 104)

## FACTUAL HISTORY[2]

On December 31, 2004, Padilla moved to Jacksonville, Florida to seek medical treatment. On May 5, 2005, he underwent hip replacement surgery at the Mayo Clinic in Jacksonville. The address provided to the Mayo Clinic was his mother's address in Carolina, Puerto Rico in order for his mother to pay the bills not covered by insurance. Padilla received further treatment in Jacksonville for two months after the surgery. He decided to stay in Florida after his medical treatment from July to August 2005. Padilla refused his mother's requests to return to Puerto Rico. He also developed a phobia of returning to Puerto Rico based upon his fear that he might get sick on the island and not have access to adequate medical care.

On August 22, 2005, attorney Bauza-Torres filed an original complaint in state court into which the address of Padilla's mother in Puerto Rico was inadvertently copied and pasted. This error was repeated in the amended complaint filed on January 10, 2006.

---

[2] These facts were all presented in the R&R as a product of the evidentiary hearing and are uncontested. (Docket No. 102)

Civil No. 06-1115 (FAB)                                                    4

Bauza-Torres claims Padilla was a resident of Florida when he became his client.  Bauza-Torres explained that Padilla went to Florida initially for medical treatment, but once there Padilla decided to stay and become a Florida resident.  Prior to the evidentiary hearing, Padilla had not returned to Puerto Rico since leaving the island on December 31, 2004.

Padilla was in pain and bed-ridden for the first year after his medical treatment.  He began to work but later quit because he was depressed.  As a result of his medical condition, he did not join any religious organizations or clubs.  Padilla took his dog from Puerto Rico to live with him in his first apartment in Jacksonville.  He lived in various apartments in Florida which were leased under either his mother's or his girlfriend's name because Padilla had no income.

Padilla was issued a Florida driver's license on January 20, 2005.  He has a car in Jacksonville registered under his mother's name.  Padilla was issued a Florida voter's registration card on December 6, 2006.  The complaint in the present case was filed with this Court on January 30, 2006.  In the complaint Padilla claimed to be a Florida resident.

Padilla voted in the 2008 elections in Florida.  Although he still has his Puerto Rico electoral voting card, he did not vote here in the 2008 elections.  Padilla has been living in his latest apartment in Jacksonville for about one and one-half years.  He has

personal property in Florida, including furniture, clothes, and jewelry.  He does not have any bank accounts, credit cards, or an ATM card in Florida or Puerto Rico.  He lives off cash sent by his mother.  Padilla receives Medicaid and food stamps in Florida and has applied for Social Security benefits.  He does not receive public aid in Puerto Rico.  Padilla married his girlfriend in February 2008 in their Jacksonville apartment.  They have a ten month old child.

## STANDARDS

### I. Review of a Report and Recommendation

A district court may refer pending dispositive motions to a magistrate judge for a R&R.  See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); L.Civ.R. 72(a).  The magistrate judge may be required to conduct an evidentiary hearing and submit the proposed findings of fact in the R&R.  See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); L.Civ.R. 72(a).  Any party may file written objections to the R&R within ten days of being served with the magistrate judge's report. See 28 U.S.C. § 636 (b)(1).  The party that files a timely objection is entitled to a *de novo* examination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Id.; see also Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule waives each party's right to

Civil No. 06-1115 (FAB)                                                6

review in the district court.  See Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985); Alamo Rodriguez v. Pfizer Pharms., Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003).  In conducting its review, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court does not need to "hear the live testimony of witnesses in order to accept the credibility determination of a magistrate judge." United States v. Hernandez-Rodriguez, 443 F.3d 138, 147-48 (1st Cir. 2006) (citing Raddatz, 447 U.S. at 680-81).

**II.  Motion to Dismiss for Lack of Subjection Matter Jurisdiction**

Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction.  As courts of limited jurisdiction, federal courts are bound to construe jurisdictional grants narrowly.  See e.g., Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir. 1979); Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998).  The party asserting federal jurisdiction has the burden of proving its existence by the preponderance of the evidence.  See Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992); O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982).  The Court must treat "well pleaded facts as true and draw[] all reasonable inferences in favor of plaintiff."  Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir.

Civil No. 06-1115 (FAB)                                                  7

1998).  When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits."  Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

### III. Diversity Jurisdiction

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship between all plaintiffs and all defendants.  See, e.g., Casas Office Machs. v. Mita Copystar America, Inc., 42 F.3d 668, 673 (1st Cir. 1994).  A party is a citizen of a state if he is domiciled there.  See Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991); Alicea-Rivera, 12 F.Supp.2d at 245.  A party is domiciled in a state if the individual is physically present within the state with an intent to remain indefinitely.  See Hawes, 598 F.2d at 701.  A party only has one domicile at a time and maintains that domicile until a change has been proven.  See id.  In evaluating a party's state of domicile, the Court must examine the totality of the evidence including:  where the person is registered to vote, the location of property, the state that issued the party's driver's license, the state where bank accounts are maintained, the state of club or religious membership, and the state of employment.  See Bank One, Texas, N.A., 964 F.2d at 50; Delgado Ortiz v. Ireland, 830 F.Supp. 68, 70 (D.P.R. 1993).  "The key point of inquiry is

Civil No. 06-1115 (FAB)                                                     8

whether diversity of citizenship existed at the time the suit was filed; subsequent events may bear on the sincerity of a professed intention to remain but are not part of the primary calculus." Garcia Perez v. Santaella, 364 F.3d 348, 350-51 (1st Cir. 2004) (citing Hawes, 598 F.2d at 700).

**ANALYSIS**

Dr. de la Cruz disagrees with the magistrate judge's recommendation, but fails to object to any particular finding.  He appears to argue that the evidence supports the proposition that Padilla became a Florida citizen after the claim was filed and not before.  Dr. de la Cruz notes that some of the evidence evaluated by the magistrate judge is from the time period after the complaint was filed.  The Court agrees with the magistrate judge's determination, however, that Padilla was domiciled in Florida when the claim was filed on January 30, 2006.  Padilla has demonstrated by a preponderance of the evidence both that he resided in Florida when the claim was filed and that he had the requisite intent to remain there indefinitely.

There is no question that Padilla meets the physical presence prong of the domicile inquiry.  It is uncontested that he has been physically present in Florida since moving there for medical treatment on December 31, 2004.  The only time he returned to Puerto Rico was for the evidentiary hearing before the magistrate

Civil No. 06-1115 (FAB)                                                    9

judge.  Padilla was living in Florida at the time the claim was filed.

Dr. de la Cruz argues that Padilla lacked the requisite intent to remain in Florida indefinitely at the time the claim was filed. The Court disagrees and finds that Padilla proved by a preponderance of the evidence that he intended to stay in Florida at the time he filed the complaint in this case.  Although Padilla did not show certain traditional indices of domicile in Florida such as having a job, bank account, or lease in his name, this is of no great significance because his disability left him financially dependent on his mother.  Padilla's medical problems also prevented him from joining any clubs or religious organizations in Florida.  More importantly, Padilla did not have any of these traditional attributes of domicile in Puerto Rico.

Other indices of domicile are more relevant in this case. Padilla took affirmative steps indicating his intent to stay in Florida before the claim was filed.  For example, he refused his mother's requests to return to Puerto Rico, he brought his dog from Puerto Rico to Florida, he acquired a Florida driver's license, and he registered to vote in Florida.  Subsequent to filing the present claim, Padilla voted in the 2008 election in Florida and married his girlfriend, with whom he is raising their child in their Jacksonville apartment.  Although subsequent events by themselves cannot prove an intent to stay in Florida, they provide support for

Civil No. 06-1115 (FAB)                                                10

the sincerity of Padilla's professed intent to remain in the state at the time the claim was filed.  See Garcia Perez, 364 F.3d at 350-51.

The Court accepts the magistrate judge's evaluation of the credibility of the witnesses at the evidentiary hearing.  The defendants did not provide any evidence nor did their counsel elicit contradictory testimony from any of Padilla's witnesses.  An independent analysis of the uncontested facts proves to the Court that, more likely than not, Padilla had the intent to stay in Florida indefinitely when he filed his claim on January 30, 2006.  Thus, there was diversity of citizenship when the claim was filed because Padilla was domiciled in Florida.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation in full and **DENIES** the Hospital and Dr. de la Cruz's requested dismissal for lack of diversity jurisdiction.

**A Status Conference is scheduled for August 12, 2009 at 9:00 a.m.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 7, 2009.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE